NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KATHERINE S. KNIGHT, *Petitioner/Appellant*,

*v.*

CHARLES D. KNIGHT, *Respondent/Appellee*.

No. 1 CA-CV 20-0578 FC
FILED 7-13-2021

Appeal from the Superior Court in Maricopa County
No. FC2017-072189
The Honorable Joseph Shayne Kiefer, Judge

**AFFIRMED**

APPEARANCES

Katherine S. Knight, Glendale
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

**W I L L I A M S**, Judge:

**¶1**　　　　Katherine S. Knight ("Mother") appeals the family court's order granting Charles D. Knight ("Father") unsupervised parenting time with their child. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　Mother and Father divorced in 2018. In the decree of dissolution, the court designated Mother as the primary residential parent and granted Father parenting time.

**¶3**　　　　In 2019, Mother petitioned to modify Father's parenting time contending that the parenting plan jeopardized the child's safety, mental health, and physical health. Mother alleged that the child had been abused by Father and requested that Father be awarded no parenting time or, in the alternative, only supervised parenting time.

**¶4**　　　　Following an evidentiary hearing, the court denied Mother's request to terminate Father's parenting time, and instead modified it, in part, by requiring that Father's parenting time be supervised until a Therapeutic Interventionist recommended otherwise. In finding that Father had neither physically nor sexually abused the child, the court noted that the child denied, in at least one interview with the Arizona Department of Child Safety, that Father had abused her. The court also found the modifications in parenting time to be in the child's best interests.

**¶5**　　　　Mother timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

### DISCUSSION

**¶6**　　　　Mother argues the court erred in awarding Father unsupervised parenting time, to begin after recommendation by the Therapeutic Interventionist, and erred when it found the child had previously denied abuse or sexual abuse by Father. We review an order modifying parenting time for an abuse of discretion, *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 491, ¶ 9 (App. 2020) (as amended), and defer to the family court's findings of fact unless they are clearly erroneous, *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).

**¶7**　　　　Mother's opening brief contains a statement of facts without appropriate citations to the record as required under Arizona Rule of Civil

Appellate Procedure 13(a)(5). Therefore, we disregard the factual assertions in the brief and rely upon our review of the record. *See State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257, ¶ 2 n.1 (App. 1998). Further, Mother has not provided a transcript of the evidentiary hearing. *See* ARCAP 11(c)(1)(B). In the absence of a transcript, we presume the missing record supports the family court's ruling. *Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005).

**¶8**        Based upon this limited record, Mother has shown no abuse of discretion.

## CONCLUSION

**¶9**        The family court's order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA